DURST v. BLUDWORTH et al.   (No. 1917.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 13, 1919.   Rehearing Denied Feb. 27, 1919.)

1. JUDGMENT ⟊⟆698—CONCLUSIVENESS—PERSONS CONCLUDED — HOLDER OF VENDOR'S LIEN NOTES.

Transferee of vendor's lien notes, who was not a party to suit between maker and former owner of land, who claimed a one-half interest therein as a homestead, was not bound by the judgment.

2. VENDOR AND PURCHASER ⟊⟆284 — VENDOR'S LIEN NOTES—BONA FIDE PURCHASER —JURY QUESTION.

Whether transferee of vendor's lien notes acquired notes without notice before maturity, held for the jury.

Appeal from District Court, Bowie County.

Action by L. A. Durst against J. A. Bludworth and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

O. B. Pirkey, of New Boston, for appellant.

Geo. W. Johnson, L. C. Boswell, and R. M. Hubbard, all of New Boston, and Mahaffey, Keeney & Dalby, and C. A. Wheeler, all of Texarkana, for appellees.

LEVY, J. On January 3, 1913, W. R. Dudley and wife made a conveyance of 70 acres of land to C. C. Butler, and on May 23, 1913, C. C. Butler and wife conveyed the land to J. W. Fox. On July 8, 1913, J. W. Fox and wife conveyed the land to J. A. and J. G. Bludworth, taking as part of the purchase price two vendor's lien notes, due, respectively, November 15, 1913, and November 15, 1914. The appellant brings the suit to foreclose the two vendor's lien notes, which were sold to him, as he alleges, by J. W. Fox for a valuable consideration before maturity. The Bludworths pleaded failure of title to the land and of consideration for the notes. W.

R. Dudley and wife specially claimed a one-half interest in the land as their homestead, and the other defendants claimed the remaining one-half interest as innocent purchasers without notice of the alleged lien. After hearing the evidence, the court gave a peremptory instruction to the jury to return a verdict in favor of the defendants. The appellant assigns error on the ruling of the court.

[1, 2] Considering all the facts and circumstances in evidence, it is concluded by this court that the case as made by the record is one that should have been submitted to a jury for fact finding, and that it was error to peremptorily instruct a verdict. Whether or not the conveyance of Dudley and wife to C. C. Butler was in fact a simulated sale of the homestead could not be assumed in the evidence. There is evidence going to show that Dudley denied to the tax collector that he owned the land in 1913, and refused to pay delinquent taxes on it. It also appears that Dudley and wife paid rent on the place and gave up the possession in 1913. The suit between the Bludworths and Dudley was filed December 23, 1913, after appellant contends that he acquired ownership of the notes; and, if so, the appellant, not being a party to that suit, was not bound by it. And the evidence made it a question of fact for the jury as to whether or not appellant purchased the notes without notice before maturity. It appeared that the first note was due November 15, 1913, and appellant testified he bought it "some time the latter part of October or the 1st of November," 1913. He further testified that he had no notice of any existing "claim of W. R. Dudley and his wife, claiming the transaction of a deed between them and C. C. Butler was the mortgage."

The judgment is reversed, and the cause remanded for new trial.